## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JEFFREY M. MORTLE,

        Plaintiff,

        v.                                     Case No. 05-CV-117

UNITED PARCEL SERVICE,

        Defendant.

## ORDER

On February 2, 2006, plaintiff Jeffrey Mortle filed a request to compel the defendant to produce documents. The court's scheduling order (Docket #17) states that "[a]ll requests for discovery shall be served by a date sufficiently early so that all discovery in this case can be completed no later than December 30, 2005." According to Mortle's request, he served the discovery request upon the defendant on December 28, 2005, just two days prior to the discovery-completion deadline. For the reasons stated below, the court will deny Mortle's request to compel.

While the court acknowledges that Mortle is a pro se litigant, and as such, the court is obligated to hold his pleadings to less stringent standards than formal pleadings drafted by lawyers, (*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), a pro se litigant is still obligated to follow the same rules as other litigants. *See Smith v. Milwaukee Housing Assistance Corp.*, 1997 U.S. App. LEXIS 12441, at *3, 1997 WL 284645, at *1 (7th Cir. 1997) (holding that "[i]f indigents have no

constitutional right to counsel in a civil case, it follows that they have no right to be exempted from the rigors of the Federal Rules of Civil Procedure").

A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery. *See Willis v. New World Van Lines, Inc.*, 123 F.Supp 2d 380, 401 (E.D.Mich. 2000) (citing *Ginett v. Federal Express Corp.*, 166 F.3d 1213 (6th Cir. 1998)). The Seventh Circuit has also held that courts may properly deny a motion to compel discovery after the discovery-completion deadline has passed. *See Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir. 2001) (finding no abuse of discretion in denying plaintiff's motion to compel discovery after discovery closed, after summary judgment briefing schedule had been set, and defendants had filed their summary judgment motion); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of discretion in denying motion to compel filed after discovery closed, summary judgment motion was filed, briefing schedule was set, and plaintiff's response was due). Adherence to reasonable deadlines is critical to maintaining the integrity of court proceedings. *See Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

Here, Mortle filed his request to compel discovery over a month after the discovery-completion deadline had passed and after the defendant filed a motion for summary judgment. Mortle states that he was under the impression he could serve discovery requests any time before December 30, 2005. However, the scheduling order, which Mortle agreed to, states that "[a]ll requests for discovery shall be

served by a date sufficiently early so that all discovery in this case can be completed no later than December 30, 2005." Pursuant to Federal Rule of Civil Procedure 34(b), the defendant has 30 days to serve a written response to a discovery request. As such, in order to meet the discovery-completion deadline, Mortle should have tendered his request for documents at least thirty days before the discovery-completion deadline.

Mortle states that he requested the documents to prepare for his deposition, however, the defendant states that Mortle's deposition took place one month before he served the defendant with his discovery request. (Def.'s Resp., 2.) In his request, Mortle did not present cause for a modification of the scheduling order, (*see* Fed. R. Civ. P. Rule 16(b)),[1] or present any reasons why he could not have served his discovery request within the time provided by the scheduling order. Additionally, Mortle did not file a motion to extend the deadline for discovery. In light of the foregoing, the court will deny Mortle's request to compel.

One final matter, on September 7, 2005, Mortle filed a letter to the court requesting the appointment of counsel. In his letter, Mortle indicates that he is unable to hire an attorney due to financial hardship. Before appointing counsel, a court will initially consider whether an indigent civil litigant has made reasonable efforts to retain counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (holding that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). Mortle does not state that he has

---

[1] Fed. R. Civ. P. 16(b) states: "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

made any efforts to secure counsel. The court will deny plaintiff's request for appointment of counsel because he has not alleged that he has undertaken any efforts to secure counsel on his own. Mortle is encouraged to contact the Milwaukee Bar Association Lawyer Referral and Information Service (515 East Wells Street, Milwaukee, WI 53202, (414) 274-1901), or the State Bar of Wisconsin Attorney Information and Referral Service, ((608) 257-4666 or (800) 362-9082), in his efforts to secure counsel.

Accordingly,

**IT IS ORDERED** that Mortle's request to compel discovery (Docket #26) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge